IN THE UNITED STATES DISTRICT COURT Eastern District of Kentucky
FOR THE EASTERN DISTRICT OF KENTUCKY   FILED
COVINGTON

AUG 2 1 2006

Civil Action No. 05-114-WOB

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

JANET L. THOMPSON PRESLEY &
RANDALL J. PRESLEY,                                        Plaintiff

vs.                                                        MEMORANDUM OPINION AND
                                                           ORDER

EQUIFAX CREDIT INFORMATION
SERVICES, INC. ET AL.,                                     Defendants

# INTRODUCTION

This matter is before the court on Defendant CSC's partial motion to dismiss the Plaintiff's claim for an injunction (Doc. # 91) on the basis that the Fair Credit Reporting Act ("FCRA") does not provide private litigants the ability to obtain injunctive relief. Having reviewed the parties' briefs and being otherwise advised, the court determines that oral argument is not necessary for disposition of this motion.

# ANALYSIS

Defendant CSC argues that the FCRA statute does not provide for injunctive relief for private litigants but only allows for damages and attorney fees. Defendant CSC argues that because the statute explicitly allows for injunctive relief for the FTC, if Congress had intended for private plaintiffs to have that remedy available, it would have included that in the statute

1

specifically.

Plaintiffs argue that whether injunctive relief is available under the FCRA is an unsettled issue that has not been addressed by the Sixth Circuit. Moreover, Plaintiffs argue that regardless of the statute, the court still has inherent authority to issue an injunction in suits over which they have jurisdiction.

For the following reasons, the court finds that the better view is that injunctive relief is not available to private litigants under the FCRA. The issue is unsettled and has not been addressed by the Sixth Circuit. However, The leading case interprets the statute so that private litigants' remedies are limited to damages and attorney fees.

The reasoning of an unpublished 2006 district court case from the Northern District of California addressed the same issue presented here and conducted an analysis that is common to the majority of the cases that the research on the current issue has disclosed. In *Yeagley v. Wells Fargo & Co.*, 2006 WL 193257 (N.D.Cal.) the court referred to the sections of the FCRA that create the private right of action under the FCRA: § 1691n creates a right of action for willful noncompliance and § 1691o creates a right of action for negligent non-compliance. The court recognized that both sections specifically allow for damages and attorney fees, but do not mention injunctive or declaratory relief. *Id.* at *1.

The court then considered the canons of statutory construction, the affirmative grant of power to the FTC to pursue injunctive relief, and the absence of a similar grant to private litigants that all support the conclusion that injunctive relief is not available to private litigants and is vested solely with the FTC. *Id.* at * 2 (citing Washington v. CSC Credit Services, Inc., 199 F.3d 263, 268 (5th 2000)).

2

*Washington* is the Fifth Circuit case cited by *Yeagley* and is also cited by any other case that has addressed this issue since it was decided. The Fifth Circuit is often recognized as the only Circuit to have addressed this issue. In *Washington*, the Fifth Circuit reasoned that "where Congress intended to allow private injunctive relief under the FCRA, it expressly stated that this relief was available. This language would be unnecessary if injunctive relief were otherwise available." *Washington*, 199 F.3d at 269.

*Washington* further observed that the lower courts are split and cites to many cases that evidence this uncertainty. *Id.* at 268. A southern district of Ohio case has also recognized this split and has also observed that this issue has not been addressed by the Sixth Circuit. *Lewis v. Ohio Professional Electronic Network, LLC.*, 248 F. Supp.2d 693, 704 (S.D.Ohio 2003). In *Lewis*, the court deferred on the injunctive relief issue because the case was decided on other grounds. *Id.*

The case law does reveal two Seventh Circuit decisions that raise but do not directly address the injunction issue. The cases are *Crabil v. Trans Union, LLC.*, 259 F.3d 662 (7th Cir. 2001) and *Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2003). *Crabil* mentions, in dicta, that a plaintiff may be able to obtain injunctive relief, but does not analyze the issue in any way. *Id.* at 665. In *Albert*, the plaintiffs raised the issue, and the court recognized the issue, but the court did not address the issue specifically because it was determined that it lacked jurisdiction to hear the interlocutory appeal. *Albert,* 346 F.3d at 736.

The district court cases that find injunctive relief is available under the statute, and those cited by the Plaintiff, do so on the basis of liberally interpreting the statute and finding that where there is no clear statement in the statute that such relief is not available, consequently, it is

3

available. See *Andrews v. TransUnion Corp.*, 7 F.Supp.2d 1056, 1083-4 (C.D. Cal. 1998). Moreover, most of the cases cited by the Plaintiff were decided prior to the decision in *Washington*.

The arguments of the defendant herein are compelling. Based upon the above status of the law on this issue, the more direct approach is to follow the reasoning of the Fifth Circuit in *Washington*, which determined that injunctive relief was not available tp private litigants.

Therefore, the court being advised,

**IT IS ORDERED** that the Defendant's motion for partial summary judgment (Doc. # 91) be, and it is, hereby **GRANTED**.

This 2 1/4 day of August, 2006.

_____

WILLIAM O. BERTELSMAN, JUDGE